# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENJI D. RICHMOND,<br><br>    Petitioner,<br><br>    v.<br><br>R. REED, Warden,<br><br>    Respondent. | CASE NO. 1:15-CV-0145-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE PETITION |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On August 22, 2014, this Court screened the petition and, without addressing the merits, concluded that it was not plain from the allegations that Petitioner is not entitled to relief and directed Respondent to file a response. Doc. 9. On August 31, 2015, Respondent filed a motion to dismiss the petition. Doc. 20. Petitioner did not file an opposition and the matter was deemed submitted. For the following reasons, the Court recommends that the petition be dismissed.

## I.    BACKGROUND

In June 2012, Petitioner was found guilty of a prison rules violation and subject to a sixty-day loss of behavioral/work credits. Doc. 1, Exh. 2. He filed an administrative appeal challenging the decision, but it was cancelled for failure to submit the appeal within applicable time limits. Doc. 1, Exh. 4. Petitioner filed a second appeal challenging the cancellation, which was denied at all three levels. Doc. 1, Exhs. 5-7. The second and third level decisions addressed and rejected

Petitioner's argument that he submitted his appeal in a timely way. Doc. 1, Exh. 7. Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court, challenging the disciplinary action. Doc. 20, Exh. 2. The state petition was denied on the merits and for failure to exhaust administrative remedies, citing *In re Dexter*, 25 Cal. 3d 921, 925 (1979). Doc. 20, Exh. 3. Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, again challenging the disciplinary action, and was summarily denied for failure to exhaust administrative remedies based on *In re Dexter*, 25 Cal. 3d 921, 925 (1979). Doc. 20, Exhs. 4, 5, *In re Dexter*, 25 Cal. 3d 921, 925 (1979)( "a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies."). He filed a petition for writ of habeas corpus in the California Supreme Court on the same grounds, and was again denied based on *In re Dexter*, 25 Cal. 3d 921, 925 (1979).  Doc. 20, Exhs. 1, 6. Neither the California Court of Appeal nor the California Supreme Court addressed the merits of the petition.

Petitioner filed a petition for writ of habeas corpus in this court, challenging the disciplinary action. Doc. 1. He re-alleges that his Fourteenth Amendment right to due process was violated when he not given the opportunity to cross-examine confidential informants at the disciplinary hearing. He also alleges, imprecisely, that he attempted to file a timely administrative appeal of the disciplinary action. Respondent filed a motion to dismiss on August 31, 2015, arguing that the petition should be dismissed as procedurally defaulted. Doc. 20. Petitioner did not file an opposition within twenty-one days, as allowed in a scheduling order (Doc. 16), and the matter was deemed submitted after thirty days, pursuant to that order.

**II.     MOTION TO DISMISS**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases. A respondent may file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See e.g.*, *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *White v. Lewis*, 874 F.2d 599, 602-03 (9th

Cir. 1989).

### III.     PROCEDURAL DEFAULT

"A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (internal quotations omitted); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to the adjudication of the claim on the merits." *Walker*, 131 S. Ct. at 1127. Procedural default will bar federal habeas corpus review when the last state court rendering a judgment "clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989)(internal quotations omitted). The procedural bar applies even if the state court based its denial on alternative grounds, as long as one of them was an adequate and independent procedural ground. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

"A state ground is independent only if it is not interwoven with federal law." *Carter v. Giurbino*, 385 F.3d 1194, 1197 (9th Cir. 2004)(*citing Bennett*, 322 F.3d at 581). "A state procedural rule constitutes an adequate bar to federal court review if it was firmly established and regularly followed at the time it was applied by the state court." *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999) (internal quotations omitted). "If the court finds an independent and adequate state procedural ground, 'federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.'" *Bennet*, 322 F.3d at 580 (*quoting Noltie v. Peterson*, 9 F.3d 802, 804-805 (9th Cir. 1993)).

California's administrative exhaustion rule is not interwoven with federal law, and is based solely on state law. The administrative exhaustion rule was firmly established and has been regularly applied, and is therefore adequate to support a judgment. *See In re Muszalski*, 52 Cal. App. 3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies.")

3

Several courts in this District have found that California's administrative exhaustion rule is independent of federal law and adequate to support the state court judgment to bar federal habeas review. *See e.g.*, *Gaston v. Hedgepeth*, 2011 U.S. Dist. LEXIS 129825, *5 (N.D. Cal. Nov. 9, 2011) ("The California Supreme Court's citation to *Dexter* is thus independent and adequate to bar Petitioner's claim from federal habeas review."); *Patterson v. Mendoza-Powers*, 2009 U.S. Dist. LEXIS 8530, *2 (E.D. Cal. Feb. 5, 2009) ("the rule in *Dexter* is an independent and adequate state ground that bars this Court from reaching the merits of Petitioner's claims").

Here, the California Supreme Court clearly indicated that the petition was denied on procedural grounds because Petitioner did not exhaust the administrative remedies. Doc. 20, Exh. 6 citing *In re Dexter*, 25 Cal.3d 921. The Court of Appeal had denied his petition on the sole ground that he failed to exhaust administrative remedies. The California administrative exhaustion rule is an independent and adequate state law ground that precludes federal habeas review. Petitioner has not demonstrated cause for the failure to exhaust administrative remedies or that failure to consider the claims would result in a fundamental miscarriage of justice. Therefore, it plainly appears that the Petitioner is not entitled to relief in the district court. Respondent's motion to dismiss should be granted on the grounds that Petitioner's claims are procedurally barred.

### IV.     RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as procedurally barred be GRANTED; and
2. The Clerk of Court be directed to dismiss the petition and terminate this action in its entirety.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review
2  the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that
3  failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 8, 2015**              **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE